## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

JACINTA MCCASKEY,         )
                                )
       Plaintiff,        )
                                )
v.                         )     CASE NUMBER:
                                )     2:19-cv-00741-C
GEICO INSURANCE COMPANY, ET AL,   )
                                )
       Defendants,      )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the October 7, 2019 Notice of Removal (Doc. 1) filed by Defendants GEICO Casualty Company and Brian Dozier ("Removing Defendants") and the November 6, 2019 Motion to Remand (Doc. 4) filed by Plaintiff Jacinta McCaskey. The issues having been fully briefed and arguments from all parties have been heard. After careful consideration of the parties' briefs, arguments and pleadings, and for the reasons discussed herein, the Plaintiff's Motion to Remand is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Wilcox County.

## Magistrate Judge Jurisdiction

The parties have consented to the exercise of jurisdiction by the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C § 636(c) and Fed. R. Civ. P. 73, to conduct any and all proceedings in this case, including the trial, order and entry of a final judgment, and conduct all post-judgment proceedings and, consequently, the Court has

referred this matter to William E. Cassady United States Magistrate Judge.  (*See* Doc. 12; *see also* Doc. 14).

## Background

Plaintiff Jacinta McCaskey ("McCaskey") commenced this action on October 8, 2018, with the filing of her Complaint in the Circuit Court of Wilcox County, Alabama, against Defendants GEICO Insurance Company ("GEICO"), Brian Dozier ("Dozier"), Tanya Johnson ("Johnson"), and various fictitious defendants.  (Doc. 1-1 at 6-37). The causes of action pled by Plaintiff's Complaint are related to her claim for property loss to her motor vehicle (a 2010 GMC Acadia), which occurred on or about May 12, 2016, and the Defendants' claim investigation and decision to deny coverage for the loss. (Doc. 1-1 at 6-37). It is not disputed that the vehicle was insured by GEICO at the time of the loss. (Doc. 1-1 at 6-37).

The Complaint alleges that McCaskey sustained financial injury as a result of GEICO's decision to deny the claim, that GEICO's loss investigation was "purposely calculated to manufacture a dishonest and pretextual reason for the claim denial" and to "inflict emotion distress upon Plaintiff" by intentionally misrepresenting and/or concealing certain information allegedly gathered during the investigation, and avers that Defendants Dozier and Johnson, while conducting and participating in the investigation and/or adjustment of McCaskey's claim, willfully or negligently misrepresented to and/or knowingly concealed information from her to induce her detrimental reliance and intentionally cause her to experience emotional distress.  (Doc. 1-1 at 6-37).

2

The Complaint does not specify the amount of damages sought by Plaintiff as compensation for her alleged financial injury, and does not divulge any specifics concerning the Plaintiff's alleged emotional distress injury, in terms of diagnosis, treatment, prognosis, permanent or transitory nature of the injury, or quantification of any expense incurred in connection with the injury.  Instead, the Complaint alleges only that the amount in controversy exceeds the jurisdictional threshold ($10,000) for the Circuit Court of Alabama, and includes *ad damnum* clauses which demand judgment against the defendants for compensatory damages and punitive damages "in amounts as to be determined by a struck jury, including interest and costs associated with bringing the action" (*Id.* at 16-37).

The parties agree that GEICO is incorporated pursuant to the laws of Maryland and has its corporate headquarters and principal place of business in Maryland (Doc. 1 at 3), that Defendant Dozier is a citizen of the State of Florida (*Id.*), and that Plaintiff McCaskey and Defendant Johnson are citizens of the State of Alabama.  (Doc. 1 at 3 - 4).

Plaintiff requested service *via* certified mail of GEICO, Dozier and Johnson, pursuant to Ala. R. Civ. P. 4(i)(2), when she filed the Complaint. (Doc. 4-1).  GEICO and Dozier ("removing Defendants") were served with Plaintiff's Complaint *via* certified mail on October 18, 2018. (Doc. 4-2 at 2-4).  On November 14, 2018, both filed separate Answers to Plaintiff's Complaint, by and through counsel that jointly represents both GEICO and Dozier. (Doc. 1-1 at 38-52).

Prior to Defendant GEICO and Dozier's removal to federal court, Plaintiff's first attempt to serve the non-diverse defendant Johnson by certified mail was unsuccessful, and on November 27, 2018, an entry was made in the state court's electronic record that indicated service had returned to the clerk "unclaimed" on November 18, 2018. (Doc. 4-2 at 5).   On January 2, 2019, Plaintiff filed an "Alias Summons and Complaint" and requested service of Johnson *via* sheriff pursuant to *Ala. R. Civ. P.* 4(i)(1). (Doc. 4-4 at 2-39). On May 8, 2019, an entry was made in the state court's electronic record indicating that Plaintiff's second attempt to serve Johnson via sheriff was unsuccessful and had been returned "party moved" on April 18, 2019. (Doc. 4-2 at 5).

On May 15, 2019, Plaintiff served GEICO with written discovery (Doc 4-5 at 3-27), which sought, among other things, information calculated to facilitate Plaintiff's ability to perfect service on Johnson.   On July 15, 2019, Plaintiff's counsel (*via* email) sent a ten-day courtesy letter to GEICO's counsel and requested that GEICO respond to Plaintiff's discovery requests served on May 15, 2019.  (*See* Doc. 1-1 at 60).  On September 11, 2019, Plaintiff filed a motion to compel GEICO's discovery responses and on September 27, 2019 the state court granted Plaintiff's motion to compel and ordered GEICO to respond within 14 days (on or before October 11, 2019).  (Doc. 1-1 at 58-61).  On October 7, 2019, prior to the expiration of 14 days, GEICO and Dozier ("removing Defendants") filed their Notice of Removal based upon diversity jurisdiction. (Docs. 1, 1-1 and 1-2).

In the Notice of Removal, Defendants GEICO and Dozier allege that the original complaint could have been filed in federal court under 28 U. S. C. § 1332 because complete diversity of citizenship exists between the properly joined parties and the amount

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Removing defendants allege that Tanya Johnson, the non-diverse defendant, should be disregarded and considered fraudulently joined because she had not been served.  (Doc. 1 at 3-4).

On November 6, 2019, within thirty days of removal as required under 28 U.S.C. §1447(c), Plaintiff filed her motion to remand, contending that the removal was untimely and procedurally defective; that Defendants' argument of fraudulent joinder failed to establish diversity of citizenship and Defendants did not carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000, exclusive of interest and costs.  (Doc. 4).[1]

## Discussion

**A.  *Jurisdiction*.**

It has been clearly established that "federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *South Dallas Water Authority v. The Guarantee Company of North America, USA, 767 F. Supp.2d 1284, 1292 (S.D. Ala. 2011)* (citing *Russell Corp. v. American Home Assurance Co., 264* F.3d 1040, 1050 (11th Cir. 2001)).  Doubts as to removability of an action are to be resolved against removal and in favor of remanding the case back to state court.  *Diaz*

---

[1] By timely moving to remand, Plaintiff has preserved the ability to argue that the removal is procedurally defective. *Exum v. State Farm Fire & Cas. Co.,* 821 F. Supp.2d 1285, 1292-93 (M.D.Ala.2011) (Fuller, J.) (citing *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1213 n. 64 (11th Cir.2007)).

*v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996).  The federal court must "evaluate all of the factual allegations in the light most favorable to the plaintiff." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 129 (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994)).  Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* at 1293 (citing *Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998)).

**B. Procedural Defects**.

Successful removal on the basis of diversity jurisdiction requires a defendant's strict compliance with both procedural and substantive requirements. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted). As to procedural requirements, the removing party must satisfy the "how" and "when" dictates of 28 USC §1446. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). Section 1446(b) "answers the question of when an action is removable." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007). It "governs the timeliness of removal in civil cases." *Pretka*, 608 F.3d at 756.

Additionally, "[t]he removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present

facts establishing its right to remove." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (citing *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "When the defendant fails to do so, the case must be remanded." *Taylor,* 436 F. App'x at 890 (citing *Williams*, 269 F.3d at 1321).

### C. *The removal.*

There are procedural requirements for removal which Defendants did not address. The procedure for removing a state action to federal court is outlined in 28 U.S.C. §1446. "Removal is appropriate 'in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order or other paper.'" *Williams v. Wal-Mart Stores, Inc.,* 534 F. Supp. 2d 1239, 1243 (M.D. Ala. 2008) (citing 28 U.S.C. under §1446(b)). "The procedure for removal is governed by 28 U.S.C. §1446, which contemplates two ways that a case may be removed based on diversity of jurisdiction." *Moore v. Wal-Mart Stores East, L.P.,* 2015 WL 5813164, *4 (M.D. Ala. 2015). "The first way . . . involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings." *Id.* "The second way . . . contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order, or other paper from which  it may first be ascertained that the case is one which is or has become removable.'" *Id.*

Under 28 U.S.C. §1446(b)(1), "[t]he notice of removal of a civil action or proceeding ***shall*** be filed within 30 days after the receipt by the defendant, through service

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . .” (emphasis added). Removing defendants were served on October 18, 2018. Defendants' notice of removal was not filed within 30 days of service (or before November 13, 2018); therefore, there exists no objectively reasonable basis for Defendants' removal under 28 U.S.C. §1446(b)(1) as it is unmistakably time-barred.

The alternative procedure for removal is under 28 U.S.C. §1446(b)(3): “[if] the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable.” “[T]here *must* be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order) and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists.” *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007). Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction. *See Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir.2002) (holding that grounds must be "unequivocally clear and certain"); *Huffman v. Saul Holdings, LP,* 194 F.3d 1072, 1078 (10th Cir.1999) (same).” *Id.* at 1213 n.63. (emphasis added).

Plaintiff's Motion to Remand contends the only documents received by Defendants within 30 days of the removal were Plaintiff's Motion to Compel (filed on September 11,

8

2019) and the Court's Order (September 27, 2019) compelling GEICO to respond to discovery within 14 days (Doc. 4 at 5-6). Neither of these documents contain any new information that would have put the Defendants on notice of complete diversity of citizenship or of the $75,000 threshold.

Defendants' Notice of Removal (Doc. 1 at 1-8) is consistent with Plaintiff's argument here, inasmuch as Defendants do not identify any document they received from the Plaintiff or the court, within 30 days of the removal, which might have put the Defendants on notice that the case had become removable. Likewise, Defendants' response to Plaintiff's Motion to Remand ("Opposition to Notice of Remand," Doc. 8 at 1-5) makes no attempt to identify any document that might serve to trigger the 30-day window, to answer Plaintiff's challenge. Instead, Defendants' reply brief appears to rely upon the passage of time as the trigger for §1446(b)(3)'s window for removal (*See* Doc. 8 at 4) ("Thus, [Defendants] had to wait and could not file a Notice of Removal until it was clear that Johnson was never going to be served.") *Id.* This argument ignores §1446(b)(3)'s express language which requires "receipt by the defendant . . . of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable," as well as settled Eleventh Circuit precedent requiring the document or "other paper" be from the plaintiff or the court. *See, e.g., Lowery* at 483 F.3d 1212 n. 62 (listing types of documents that have been held to qualify as "other paper"); *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010) (defendants cannot

show "a previously nonremovable case 'has become removable' as a result of a document created by the defendant.").

Accordingly, Defendants' Notice of Removal is procedurally defective pursuant §1446(b)(3) and due to be remanded.

### C. *Fraudulent Joinder.*

Defendants GEICO and Dozier admit that Plaintiff and Defendant Johnson both are citizens of the State of Alabama and invite the Court to disregard the absence of complete diversity between the parties, by arguing that Defendant Johnson has been fraudulently joined in the action.  (Doc. 1 at 2-4; *see also* Doc. 8 at 2-3).  Defendant's fraudulent joinder theory does not contend that Plaintiff's Complaint fails to sufficiently state a cognizable claim for relief against Johnson (Doc. 1 at 1-8; Doc. 8 at 1-5); indeed, Defendants' opposition brief appears to implicitly admit the opposite: "[b]ecause Johnson is an Alabama resident, *had she actually been served, the Removing Defendants would not have any judicial grounds for removing the case*." (Doc. 8 at 4, ¶ 13) (emphasis added). Likewise, Defendant's fraudulent joinder argument does not contend that Plaintiff has "fraudulently pled jurisdictional facts." (Doc. 1 at 1-8; Doc. 8 at 1-5) (and Defendants GEICO and Dozier candidly acknowledge Johnson assignment to the investigation of Plaintiff's claim (Doc. 1 at 2, ¶5)).

Instead, Defendants GEICO and Dozier fraudulent joinder argument contends that this Court should disregard Johnson citizenship because Plaintiff has not yet perfected service of Johnson, while admitting that Plaintiff has attempted to serve Johnson twice and

service was never rendered. (Doc. 8 at 2). Defendants' argument that Plaintiff's failure of service on Johnson constitutes fraudulent joinder is erroneous. Likewise, Defendants' argument that Plaintiff has abandoned her claim because Johnson has not been served is also erroneous.

### i. *Non-served Defendants.*

The issue of non-served defendants as it relates to jurisdictional diversity has long been decided. "It is well established that an action based on state law cannot be removed to federal court if any non-diverse defendant is joined in the complaint, regardless of whether that defendant has been served." *Stan Winston Creatures, Inc. v. Toys 'R' Us, Inc.*, 314 F.Supp.2d 177, 180 (S.D.N.Y. April 17, 2003) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). "[A] plethora of courts have held that '[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.'" *South Dallas Water Auth. v. Guarantee Co. of N. Am.*, 767 F.Supp.2d 1284, 1292-94 (S.D. Ala. 2011) (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)). "[D]iversity of citizenship subject matter jurisdiction is determined from looking at the residences of all the defendants, regardless of whether those parties have been served." *Id.* at 1294 (citing *Gibson v. Wal-Mart Stores East, LP,* 2010 WL 419393, *3 (M.D.Ga. Jan. 28, 2010)). "As stated in *Deshotel,* a defendant cannot remove an action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."

*Id.* at 1294 (citing *Peek v. Nationwide Mutual Fire Ins. Co.,* 2007 WL 2284548, *3 (E.D.La. Aug. 7, 2007)).

Removing Defendants' "fraudulently joinder" argument is erroneous as applied to the operation of *Ala. R. Civ. P.* 4(b) regarding time limits for service.  Under Rule 4(b), if service is not made upon a defendant within 120 days of filing the complaint, "the court, upon motion or on its own initiative, after at least fourteen (14) days' notice to the plaintiff, may dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period." Neither the removing Defendants nor the state court moved or ordered that Defendant Johnson be dismissed pursuant to Rule 4(b).  "As explained in *Gandy* [*v. Crompton*, 55 F.Supp.2d 593 (S.D.Miss.1999)] and *Green* [ *v. City Services Refinery,* 2007 WL 2008526 (W.D.La. Feb. 22, 2007)], the expiration of the time for service under state law is not a voluntary act by the [Plaintiff] sufficient to make this case removable to this Court.").  *Id.* at 1294.

In *South Dallas,* this court also cites *Triplett v. Johnson Controls, Inc.,* 2007 WL 603075, *2 (S.D.Miss. Feb. 21, 2007) finding "that the removing defendant had failed to heed the directive set out in *Deshotel* that '[a defendant's] non-diverse citizenship cannot be ignored simply because he was an unserved [or untimely served] defendant.'" *South Dallas,* 767 F.Supp.2d 1284, 1294.  "The majority rule is that '[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity

12

is determined from the fact of citizenship of the parties named and not from the fact of service.'" *Id.* at 1294 (citing *Cope v. American International Group, Inc.,* 2006 WL 317238, *4 (M.D.Ala. Feb. 9, 2006)).

### ii. *Voluntary abandonment of claim.*

A state action may be removable where the plaintiff voluntarily abandons a claim against a non-diverse defendant that has never been served. *Faulk v. Husqvarna Consumer Outdoor Products, N.A., Inc.,* 849 F. Supp. 2d 1327, 1330 (M.D. Ala. 2012) (citing *Insinga v. LaBella,* 845 F. 2d 249, 251 n.1 (11th Cir. 1988)).   "In order to demonstrate voluntary abandonment . . . the defendant must show 'a definite or unequivocal expression of intent to discontinue the action against the resident party.'" *Faulk v. Husqvarna Consumer Outdoor Products, N.A., Inc.,* 849 F. Supp. 2d 1327, 1330 (M.D. Ala. 2012) (citing *Naef v. Masonite Corp.,* 923 F. Supp. 1504, 1510 (S.D. Ala. 1996)).  For example, the Eleventh Circuit found "that non-diverse defendant was effectively voluntarily dismissed from the case where the plaintiff stipulated that it had no intention of serving the non-diverse defendant." *Id.* at 1330 (citing *Insinga v. LaBella,* 845 F. 2d 249, 251 n.1 (11th Cir. 1988)). The Ninth Circuit found that a claim is voluntarily abandoned when the Plaintiff announces ready for trial and prepares for trial without serving the resident defendant.   *Id.* (citing *S. Pac. Co. v. Haight,* 126 F.2d 900 (9th Cir. 1942)). In a more recent decision, the Ninth Circuit determined that a claim was abandoned when Plaintiff's counsel opposed a motion to continue based on the fact that the only non-diverse defendant has not been served. *Harris v. Bankers Life and Casualty Company,* 425 F.3d 689 (9th Cir. 2005).   When

plaintiff announced ready for trial, counsel for plaintiff worked a severance as to all named defendants that had not been served with process. *Fidelity & Casualty Company of New York v. Safeway Steel Scaffolds Company,* 191 F. Supp. 220 (N.D. Ala. 1961).

The pleadings clearly record Plaintiff's attempts to serve Defendant Johnson via certified mail and by sheriff. It was not until May 8, 2019 that the clerk's entry showed that service by sheriff had failed and that Defendant Johnson had moved. Upon that notice, Plaintiff immediately filed interrogatories on Defendant GEICO requesting information so that service would be perfected on resident Defendant Johnson.

Defendants must show that plaintiff "has voluntarily abandoned his claims against the non-diverse defendants by clear and unambiguous acts." *Id. (*citing *Bourque v. Nan Ya Plastics Corp.*, 906 F. Supp 348, 352 (M.D. La. 1995)). Defendants GEICO and Dozier have failed to present a clear record of abandonment that would support a theory of fraudulent joinder based on the non-service of Johnson. Defendants have relied solely on Plaintiff's failed attempts of service without providing any additional evidence that would meet the standard required to prove Plaintiff's intent was to abandon the claim against Johnson. There is no evidence before this court to conclude that Plaintiff has expressed any clear, explicit or unambiguous intent to abandon her claims against Defendant Johnson. Defendants' fraudulent joinder argument is rejected.

**D. *Amount in Controversy.***

Plaintiff's Complaint demands compensatory and punitive damages "in amounts as to be determined by a struck jury" and without specifying any monetary figure. (Doc. 1-1

14

at 17, 22, 26, 33, 35, 36). When a plaintiff's complaint does not demand a specified amount of damages in state court, "a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Earl v. Diebold, Inc.,* CA 14-0498-KD-C, 2015 WL 789763, at *8 (S.D. Ala. Feb. 25, 2015) (citing *Pate v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 3372195, at *1 (N.D. Fla. August 25, 2010)).

The Eleventh Circuit has found: "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also, e.g.*, 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.").

Defendants submitted no additional evidence with their removal notice but argue that "it is facially apparent from the Plaintiff's complaint that the matter in controversy exceeds $75,000, exclusive of interest and costs." (Doc. 1 at 5). Defendants argue that

15

Plaintiff's claims for breach of contract, normal bad faith, abnormal bad faith, failure to pay, fraud, suppression, intentional infliction of emotional distress, civil conspiracy and defamation, equate damages easily exceeding the jurisdictional limit of $75,000. (Doc. 1 at 6). Defendants also argue that because Plaintiff alleged that Defendants' acts were "intentional, malicious, depraved, willful, wanton and oppressive" in her complaint, the jurisdictional amount can reasonably be determined. (*Id.*).

Without additional proof and evidentiary documentation, a claim demanding punitive damages or damages for emotional distress is not automatically deemed to exceed $75,000 and become removable. *Earl v. Diabold,* at *14, n.10. Allegations of mental anguish and emotional distress are too vague and speculative for the undersigned to find that the plaintiff's claims surpass the jurisdictional threshold. *Id.* at 14 (citing *Mustafa v. Market Street Mortgage Corp.*, 840 F. Supp.2d 1287, 1291 (M.D. Ala. 2012)). "[A]llegations of mental anguish and stress are impermissibly vague." *Id.* at 14 (citing *Goodin v. Fidelity Nat'l Title Ins. Co.,* 2012 WL 473913, *3 (M.D. Fla. Feb 14, 2012), cert. denied, __U.S.__, 133 S.Ct. 2810, 186 L.Ed.2d 862 (2013)). "'[M]erely listing categories of damage[s,]'. . . does not satisfy the removing defendant's burden of establishing that the amount in controversy exceeds the $75,000 threshold." *Id.* at 12 (quoting *Robinson v. Clayton,* 2012 WL 6028940, *2 (S.D. Ala. Dec. 3, 2012)) and (citing *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319-1320 (11th Cir. 2001)). Defendants have failed to establish the amount in controversy. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence

16

of jurisdiction should not be divined by looking to the stars." *Lowery,* 483 F.3d 1184, 1215.  Because the amount in controversy has not been proven by a preponderance of evidence, this case is due to be remanded to state court.

## Conclusion

To maintain the narrow construction required of the Court when interpreting the removal statute, the undersigned has concluded that the Defendants have failed to identify any "other paper" to trigger the 30-day deadline and the fact that the non-diverse defendant had not been served is insufficient to trigger the 30-day deadline for removal.  In addition, Defendants fraudulent joinder argument is rejected because Defendants failed to establish a clear record that Plaintiff abandoned her claims against the non-diverse defendant. Finally, Defendants failed to establish the amount in controversy exceeded the jurisdictional threshold.  Defendants only pointed to the types of claims presented and that punitive damages were claimed.  At its base, this case is about an insurance company's failure to pay a claim on a stolen 2010 GMC Acadia.  It is difficult to discern how Plaintiff's claims could approach $75,000 much less exceed this jurisdictional threshold. Accordingly, after careful consideration of the pleadings and the parties' briefing, and for the reasons set forth above, Plaintiff's Motion to Remand (Doc. 4) is **GRANTED** and this matter by **REMANDED** to the Circuit Court of Wilcox County, Alabama.

**DONE** and **ORDERED** this 11th day of March 2020.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**